ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 2 2 2006
U.S. COURT OF FEDERAL CLAIMS

KELVIN DOYLE, United States Citizen,

v.

UNITED STATES POSTAL SERVICE

06-225 C

COMES NOW, the Plaintiff, Kelvin Doyle, by and through Kevin C. Flesch, of the Law Office of Kevin C. Flesch, LLC, and makes the following complaint against the United States Postal Service:

1. Plaintiff brings this action pursuant to the Big Tucker Act, 28 U.S.C. § 1491 for the United States Postal Services' breach of contract.

2. At all relevant time periods, Plaintiff was an employee of the United States Postal Service.

3. Plaintiff and the USPS entered into a last chance agreement on December 23, 2003. This complaint is brought by Plaintiff because he maintains that the USPS breached the last chance agreement when it terminated his employment.

4. On March 17, 2004 at 22:33 pm, the Plaintiff submitted a urine sample to the USPS Medical Unit. An agent for the USPS retrieved the sample from the Plaintiff and provided the sample to a lab that the USPS contracted with at the time.

5. The USPS' contracted laboratory, Quest Diagnostics, provided a laboratory report, with a collection date of March 17, 2004, a collection time of 10:40 p.m., a log in date of March 20, 2004, a report date of April 24, 2004, and a report time of 10:33 a.m.

6. Quest Diagnostics provided another laboratory report, showing a collection date of March 17, 2004, a collection time of 03:40 a.m., a log in date of March 20, 2004, a report date of March 21, 2004 and a report time of 8:17 a.m.

7. On or about March 21, 2004, Quest Diagnostics issued positive test results for cocaine, for the Plaintiff's specimen. Quest Diagnostics issued a second document dated and signed by the Postal Service Medical Review Officer, on March 22, 2004, indicating negative test results that were changed by a nurse on April 23, 2004.

8. At no time was a "split sample" requested, or performed which would have allowed a second test to be performed if the first test turned out to be positive.

9. Further, each laboratory report clearly indicates that it is "unknown" whether or not the donor's identification was verified, and thus the test results cannot be proven to be accurate, or belonging to the Plaintiff.

10. The Plaintiff maintains that Defendant Quest was negligent in its chain of custody of the specimen, and accuracy in its testing procedures and reporting. Specifically, each laboratory report clearly indicates that it is "unknown" whether or not the donor's identification was verified, and thus the test results cannot be proven to be accurate, or belonging to the Plaintiff.

11. After finding out about the positive test, Plaintiff disputed the test and requested a retesting to determine if the sample was his since the chain of custody of his sample was not documented. Plaintiff was denied any retesting.

12. The Plaintiff maintains that the chain of custody of the specimen, and accuracy in Quest Diagnostic's testing procedures and reporting are questionable. Quest Diagnostics was a sub-contractor for the USPS, to conduct diagnostic testing, specifically drug and alcohol screening on USPS employees. The USPS must be held responsible for an improperly completed test and termination of the Plaintiff for improper reasons under the Last Chance Agreement.

13. The Plaintiff was issued a Notice of Removal on April 27, 2004, more than one month after the test was performed.

14. Defendant USPS breached the Last Chance Agreement contract by terminating the Plaintiff's employment without a retest, or reasonable investigation into the chain of custody of Plaintiff's urine sample from the USPS to Quest's policies, procedures and accuracy relating to the Plaintiff's test results.

15. As the direct and proximate cause of Defendant USPS' breach of the Last Chance Agreement Plaintiff suffered economic damages including past and future wages.

WHEREFORE, the Plaintiff requests that the Court enter an Order granting the Plaintiff the following:

1. Lost wages in the amount of $80,000.00;

2. Future Wages in the amount of $60,000.00;

3. Reinstatement of his employment with the USPS or additional future wages.

Respectfully submitted this 21st day of March, 2006.

**LAW OFFICE OF KEVIN C. FLESCH, LLC**

Kevin C. Flesch, #27278
*Attorneys for Plaintiff*

*Plaintiff Address:*

*2731 Vine Street*
*Denver, CO 80205*