**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **KELVIN DOYLE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-225C** |
| **v.** | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, the United States, pursuant to RCFC 12(b)(1), respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction. In support of this motion, we rely upon the complaint and the following brief.

DEFENDANT'S BRIEF

ISSUE PRESENTED

Whether the Court possesses subject matter jurisdiction over plaintiff’s complaint.

STATEMENT OF THE CASE

I. Nature Of The Case

This case, which the plaintiff, Kelvin Doyle, has characterized as a breach of contract action, is actually an employment dispute between the plaintiff and the Federal government, acting through the United States Postal Service. In this dispute, Mr. Doyle essentially contends that he was improperly removed from his position of employment with the Postal Service.

II. Statement Of Facts

The plaintiff, Mr. Doyle, at all relevant time periods for this case, was an employee of the United States Postal Service. Complaint (“Comp.”) ¶ 2. On or about March 17, 2004, Mr. Doyle submitted a urine sample to the Postal Service. Id. ¶ 4. This sample, which was tested for

the Postal Service by a contractor, Quest Diagnostics, tested positive for cocaine. Id. ¶ 7. Mr. Doyle has disputed this result. Id. ¶¶ 10-12. On or about April 27, 2004, Mr. Doyle was issued a notice of removal from the Postal Service. Id. ¶ 13. On March 22, 2006, Mr. Doyle brought this action to contest the procedures that the Postal Service followed in removing him from his position of employment. In his complaint, Mr. Doyle seeks reinstatement of his employment with the Postal Service, monetary relief for "lost wages" in the amount of $80,000, and monetary relief for "future wages" in the amount of $60,000. Id. at 3.

## ARGUMENT

### I. Standard Of Review

Jurisdiction must be established as a threshold matter before the Court may proceed with the merits of any action. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998). The Court's "determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Cubic Def. Sys., Inc. v. United States, 45 Fed. Cl. 239, 245 (1999) (citing Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If jurisdiction is found to be lacking, the Court must dismiss the action. RCFC 12(h)(3).

When ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true the complaint's undisputed factual allegations and construe the facts in the light most favorable to plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hamlet v. United States, 873 F.2d 1414, 1415-16 (Fed. Cir. 1989). If the undisputed facts reveal any

possible basis on which the plaintiff might prevail, the Court must deny the motion. See Scheuer, 416 U.S. at 236 (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

II. The Court Should Dismiss This Case Because It Involves An Employment Dispute Over Which The Court Lacks Subject Matter Jurisdiction

In the complaint, plaintiff fails to meet his burden of establishing subject matter jurisdiction by a preponderance of the evidence. Plaintiff makes a passing reference in the first paragraph of the complaint to the Tucker Act, 28 U.S.C. § 1491, as the jurisdictional basis for this action, but then says nothing more on the subject. The Tucker Act grants the Court jurisdiction over actions "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. But the jurisdiction of the Court under the Tucker Act is "limited to actual, presently due money damages from the United States." United States v. Testan, 424 U.S. 392, 398 (1976) (quoting United States v. King, 395 U.S. 1, 3 (1969)). Thus, jurisdiction under the Tucker Act in this Court requires the plaintiff to identify a substantive right for money damages against the United States that is separate from the Tucker Act itself. Id.

Plaintiff, however, has not established that separate substantive right in the complaint for this case. Plaintiff's employment relationship with the Postal Service is not a source of that substantive right. It is well established that "absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government." Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985); accord Hamlet v. United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995). Plaintiff has also not established subject matter jurisdiction based upon the Constitution,

any Act of Congress, or any regulation of an executive department. In fact, Congress greatly limited the scope of this Court's jurisdiction to adjudicate personnel disputes with passage in 1978 of the Civil Service Reform Act, Pub. L. No. 95-454, § 906(a)(2), 92 Stat. 1111, 1224. Among the category of cases withdrawn from the Court's jurisdiction were various categories of civilian pay cases, see Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999)(citing United States v. Fausto, 484 U.S. 439 (1988)), and certain federal agency employment disputes, see Sacco v. United States, 63 Fed. Cl. 424, 428 (2004) ("Under well entrenched precedent, the Court of Federal Claims has no jurisdiction to entertain actions seeking monetary remedies stemming from adverse personnel actions over which the [Merit Service Protection Board] and the Federal Circuit have jurisdiction.").

Since this case, according to the complaint, is an action that seeks a monetary remedy stemming from an adverse personnel decision, it is particularly incumbent upon the plaintiff to establish on the face of the complaint by a preponderance of the evidence that the Court possesses subject matter jurisdiction over this case. Plaintiff has failed to meet this burden and, therefore, the Court should dismiss this case for lack of subject matter jurisdiction.

## CONCLUSION

For these reasons, we respectfully request that the Court grant defendant's motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Todd M. Huges
TODD M. HUGHES
Assistant Director

Of Counsel

MICHAEL F. KIELY
Law Department
United States Postal Service
Washington, D.C.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

May 22, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 22, 2006, a copy of the foregoing “DEFENDANT’S MOTION TO DISMISS” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

______________________________