IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KELVIN DOYLE<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-225C<br>(Judge Firestone) |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiff, Kelvin Doyle, by and through Kevin C. Flesch, of the Law Office of Kevin C. Flesch, LLC, and hereby submits his Response to the Defendant's Motion to Dismiss, and the following brief in support thereof:

PLAINTIFF'S BRIEF

ISSUE PRESENTED

I. Nature of the Case

This case is a breach of contract action arising out of the Plaintiff's employment with the United States Postal Service. The Plaintiff contends that the United States Postal Service breached the terms of a Last Chance Agreement he entered into with the United States Postal Service as a condition of employment. Mr. Doyle maintains that he abided by the terms and conditions of the contract, and the United States Postal Service improperly terminated Mr. Doyle from his employment.

II. Statement of Facts

The Plaintiff, Kelvin Doyle, was an employee of the United States Postal Service during all relevant time periods. On or about March 17, 2004, Mr. Doyle submitted a

urine sample to the United States Postal Service. This sample was to be tested for the United States Postal Service in conjunction with the terms of the Plaintiff's Last Chance Agreement. When Mr. Doyle submitted his urine sample, an agent for the United States Postal Service retrieved the sample and provided the sample to the lab that the United States Postal Service contracted with, Quest Diagnostics. Quest Diagnostics provided a laboratory report with a collection date of March 17, 2004, a collection time of 10:40pm, a log in date of March 20, 2004, a report date of April 24, 2004 and a report time of 10:33am.

In addition to this report, Quest Diagnostics issued a second laboratory report with a collection date of March 17, 2004, a collection time of 3:40am, a log in date of March 20, 2004, a report date of March 21, 2004 and a report time of 8:17a.m. Quest Diagnostics then issued a positive test result to the United States Postal Service, indicating that Mr. Doyle had tested positive for cocaine. Mr. Doyle disputed the test results citing the lack of proof that the sample tested belonged to him, and was denied any retesting. The United States Postal Service then terminated Mr. Doyle's employment through a Notice of Removal issued on April 27, 2004.

## ARGUMENT

### I. Standard of Review

Jurisdiction must be established as a threshold matter before the Court may proceed with the merits of any action. Steel Co. v. Citizens for a Better Environment. 523 U.S. 83, 88-89 (1998). The Court's "determination of jurisdiction starts with the complaint, which must be well-plead in that it must state the necessary elements of the

Plaintiff's claim, independent of any defense that may be interposed." Holly v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted). Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Cubic Def. Sys., Inc. v. United States, 45 Fed. Cl. 239, 245 (1999) (citing Cedars-Sinai Med. Ctr. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993). If jurisdiction is found to be lacking, the Court must dismiss the action. RCFC 12(h)(3).

When ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true the complaint's undisputed factual allegations and construe the facts in the light most favorable to plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). If the undisputed facts reveal any possible basis on which the plaintiff might prevail, the Court must deny the motion. See Scheuer, 416 .S. at 236 (Citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

II. The Court Should Not Dismiss This Case as It Has Subject Matter Jurisdiction

In the Complaint, the plaintiff does not fail to meet his burden of establishing subject matter jurisdiction by preponderance of the evidence. Plaintiff makes reference to the Tucker Act, 28 U.S.C. § 1491, as the jurisdictional basis for this action. Original jurisdiction over claims seeking more than $10,000.00 vests exclusively in the Claims Court. Chabal v. Reagan, 822 F.2d 349 (3rd Cir. 1987), citing 28 U.S.C. § 1491. The Tucker Act grants the Court jurisdiction over actions "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, *or upon any express or implied contract with the United States* (emphasis added), or for liquidated or un-liquidated damages in cases not sounding in tort." 28 U.S.C. § 1491.

The Plaintiff was a party to a contract with the United States through the United States Postal Service, as a term and condition of employment. Breach of this contract by the United States Postal Service subjected the United States to the consequence of money damage award to the Plaintiff and entitles the Plaintiff to monetary damages for past and future wages. While Plaintiff's employment on its own does not establish a substantive right, his contract with the United States does establish a substantive right. Plaintiff's claim for breach of contract falls within the scope of the Tucker Act because it is a contractual claim for non-tort money damages against the Unites States.

In addition, the Plaintiff previously filed an action in the Denver County District Court that was removed to the United States District Court for the District of Colorado. The United States District Court for the State of Colorado determined that the it did not have jurisdiction over the Plaintiff's Claims and thus the Plaintiff's claims were dismissed from the United States District Court for the District of Colorado on January 4, 2006 (See attached Plaintiff's Exhibit 1).

## CONCLUSION

This Court has jurisdiction "For claims in which more than $10,000 is at issue, however, courts have interpreted the Tucker Act to provide for the exclusive jurisdiction of the Court of Federal Claims." 28 U.S.C. § 1491. For these reasons, the Defendant's Motion to Dismiss must be denied.

Respectfully submitted this 22nd day of June, 2006.

**LAW OFFICE OF KEVIN C. FLESCH, LLC**

S/ Kevin C. Flesch

---

Kevin C. Flesch, #27278
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June, 2006, a true and correct copy of the foregoing "Plaintiff's Response to Defendant's Motion to Dismiss" was filed electronically via ECF/Pacer. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ Kristi M. Ashworth

---

Kristi M. Ashworth, Paralegal