**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **KELVIN DOYLE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-225C** |
| **v.** | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant, the United States, pursuant to RCFC 7.1(b), replies to the plaintiff's opposition to defendant's motion to dismiss.

The Tucker Act, 28 U.S.C. § 1491, does not create any substantive right for monetary damages. United States v. Testan, 424 U.S. 392, 397-98 (1976). Parties invoking the jurisdiction of this Court must identify and plead an independent contractual basis, or a Constitutional provision, or Federal statute or regulation that provides the basis for a claim for money damages against the Government. Plaintiff has not identified any way in which he is in a contractual relationship, nor has he cited any money-mandating statute that provides him with a claim for money from the Government. With neither a contract to enforce, nor a money-mandating statute or regulation that entitles him to the relief he seeks, plaintiff cannot establish that this Court possesses jurisdiction over his case, and the case should be dismissed.

I. The Last Chance Agreement Between Plaintiff and the Postal Service Was Not a Contract

Plaintiff complains that he tested positive for cocaine use while working for the Postal Service and his employment was subsequently terminated, purportedly in violation of the "Last

Chance Agreement" that he alleged applied to his employment.[1] Complaint ¶¶ 7, 13. Plaintiff asserts that the Last Chance Agreement constituted an enforceable contract between him and the Government. It is, however, well settled that the relationship between the Government and its employees is based in statute, not in contract. The Federal Circuit has held that "[l]ike all federal employees, Appellants served by appointment. The terms of their employment were governed exclusively by statue, not contract." Adams v. United States, 391 F. 3d 1212, 1221 (Fed. Cir. 2004). Similarly, in Shaw v. United States, 640 F.2d 1254, 1260 (Ct. Cl. 1981), the court found that "the law is well settled that public employment does not . . . give rise to a contractual relationship in the conventional sense" (citations omitted). The same result has obtained in other cases, Kania v. United States, 650 F.2d 268 (Ct. Cl. 1981) ("the rights of civilian and military public employees do not turn on contract doctrines"); Chu v. United States, 773 F.2d 1226, 1229 (Fed. Cir. 1985) ("absent specific legislation, federal employees derive the benefits and emoluments of their position from appointment rather than from any contractual or quasi-contractual relationship with the government."). Accordingly, absent some specific showing by the plaintiff that his employment relationship was, in fact, governed by a specific contract, the employment relationship, including the Last Chance Agreement, is presumptively not based on a "contract" under the Tucker Act.[2]

---

[1]It is not entirely clear what the "Last Chance Agreement" refers to. Plaintiff does not attach a copy of whatever it is he is referring to.

[2] Furthermore, if plaintiff is relying on the Last Chance Agreement as an enforceable contract under the Tucker Act, he would also have to establish that it was signed by an individual who had the authority to enter into a monetary contract on behalf of the Government and had authority to obligate appropriated funds. Kania, 650 F.2d at 268. The Government can only be bound by contracts signed by contracting officers, and plaintiff would have to establish that whoever purportedly signed the Last Chance Agreement had the authority to do so. Federico v.

In Federico, this Court stated that "the dispositive question in the present case is whether plaintiff's employment was governed by appointment or by contract." Federico, 70 Fed. Cl. at 384. If the employment was governed by contract, the Court would have jurisdiction, if it were governed by appointment (statute), it would not. Id. There, the Court determined that the plaintiff's employment with the Department of Veteran's Affairs was governed by 38 U.S.C. §§ 7401(1) and 7404(1). Here, the plaintiff's employment with the Postal Service is governed by 39 U.S.C. § 1001(a), which provides that the "Postal Service shall appoint all officers and employees of the Postal Service." Therefore, like the plaintiff in Federico, the plaintiff here has failed to establish that his employment is based on a contract between him and the Government, and this Court therefore does not possess jurisdiction over his claim. Federico, 70 Fed. Cl. at 386.

II. Plaintiff's Claim is Governed by the Civil Service Reform Act Which Precludes a Finding of Jurisdiction in this Court

The particular Federal laws governing the terms of employment with the Postal Service are specified in 39 U.S.C. §§ 1005 and 1105, and specifically include the Civil Service Reform Act. 5 U.S.C. § 1101 et seq. , 39 U.S.C. § 1105(b)(1)(B). Claims under the Civil Service Reform Act are properly brought before the Merit Systems Protection Board, and then to the United States Court of Appeals for the Federal Circuit, not this Court. 5 U.S.C. §§ 7512, 7513. Thus, this is an adverse personnel action for which redress is provided in the Civil Service Reform Act, 5 U.S.C. § 7512(a), and over which this Court does not possess jurisdiction. Schooling v. United States, 63 Fed. Cl. 204, 207 (2004); Sacco v. United States, 63 Fed. Cl. 424, 428 (2004).

---

United States, 70 Fed. Cl. 378, 385-86 (2006); Garza v. United States, 34 Fed. Cl. 1, 16 (1995).

CONCLUSION

For these reasons, we respectfully request that the Court grant defendant's motion to dismiss.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

Of Counsel

MICHAEL F. KIELY
Law Department
United States Postal Service
Washington, D.C.

/s/ Joan M. Stentiford
JOAN M. STENTIFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0341
Fax: (202) 514-8624

July 6, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 6, 2006, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

________________________________