# In the United States Court of Federal Claims

No. 06-225C
(Filed: August 21, 2006)

```
* * * * * * * * * * * * * * * * *
                                 *
KELVIN DOYLE,                    *
                                 *
        Plaintiff,               *
                                 *
v.                               *
                                 *
THE UNITED STATES,               *
                                 *
        Defendant.               *
                                 *
* * * * * * * * * * * * * * * * *
```

### ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

This action comes before the court on a motion by the United States government ("government") to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). The plaintiff, Kelvin Doyle ("Doyle" or "plaintiff"), a former post office employee, charges that the United States Postal Service ("Postal Service") breached the terms of a "Last Chance Agreement" when the Postal Service terminated his employment after Mr. Doyle tested positive for cocaine. Mr. Doyle seeks reinstatement of his employment with the Postal Service and lost and future wages. The government argues that the plaintiff did not have a contract with the Postal Service and therefore the case must be dismissed for lack of subject matter jurisdiction. For the reasons discussed below, the court agrees that the case must be dismissed for lack of subject matter jurisdiction.

**A.    BACKGROUND FACTS**

On or about March 17, 2004, Mr. Doyle submitted a urine sample to the Postal Service. This sample was tested by a Postal Service contractor, Quest Diagnostics. The sample tested positive for cocaine. Mr. Doyle disputed the result. The Postal Service did not provide Mr. Doyle with an opportunity for another test. Rather, on April 27, 2004, the Postal Service issued a notice of removal terminating Mr. Doyle from the Postal Service.

Mr. Doyle first filed a breach of contract action against the Postal Service in the District Court in the County of Denver, Colorado. The matter was removed to the United States District Court for the District of Colorado. On January 4, 2006, the case was dismissed for lack of subject matter jurisdiction on the ground that the amount sought "exceeds the jurisdictional limit in 28 U.S.C. § 1346(a)(2) [the "Little Tucker Act"]." Mr. Doyle filed the present action in this court on March 22, 2006. Mr. Doyle seeks reinstatement of his employment, $80,000 in lost wages, and $60,000 in future wages.

**B.    DISCUSSION**

    **1.    Standard of Review and Subject Matter Jurisdiction**

The United States Court of Federal Claims is authorized under the Tucker Act to render judgment on a claim against the United States based on the U.S. Constitution, an Act of Congress, a regulation of an executive department or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2000). See United States v.

Testan, 424 U.S. 392, 397-98 (1976).  In determining whether jurisdiction exists the court is obligated to assume all of the factual allegations in the complaint to be true and to draw all reasonable inferences in the plaintiff's favor.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  However, once subject matter jurisdiction is put in question, the plaintiff must come forward with sufficient facts to demonstrate jurisdiction.  Reynolds v. Army & Air Force Exch. Serv., 846 F.3d 746, 748 (Fed. Cir. 1988) (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178 (1936)).  The burden is on the plaintiff to bring forth relevant, competent proof to establish jurisdiction.  Federico v. United States, 70 Fed. Cl. 378, 381 (2006) (cases cited therein).

**2.      The Plaintiff, as a Former Postal Service Employee, Was Covered by the Postal Reorganization Act and the Civil Service Reform Act.**

It is well-settled that federal employees ordinarily derive the benefits of their employment from appointment rather than from any contractual or quasi-contractual relationship with the government.  Adams v. United States, 391 F.3d 1212, 1221 (Fed. Cir. 2004) ("Federal workers serve by appointment, and their rights are therefore a matter of legal status even where compacts are made.  In other words, their entitlement to pay and other benefits must be determined by reference to the statutes and regulations governing [compensation], rather than to ordinary contract principles.  Though a distinction between appointment and contract may sound dissonant in a regime accustomed to the principle that the employment relationship has its ultimate basis in contract, the distinction nevertheless prevails in government service."); see also Hamlet v.

United States, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (citation omitted) ("[T]here is a "well-established principle that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government.").

Here, to the extent that Mr. Doyle had a claim for wrongful termination based on the government's alleged breach of a last chance agreement, his remedies were provided by statute. Congress created an elaborate framework for addressing employment relations with postal workers in the Postal Reorganization Act, 39 U.S.C. §§ 1001-1011 (2000), which incorporates portions of the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.). See 39 U.S.C. § 1005 (Applicability of laws relating to Federal employees). Together, these statutes provided Mr. Doyle with the opportunity to pursue his claim for wrongful termination before the Merit Systems Protection Board. See 5 U.S.C. § 7513(d) (Stating that an employee who has been removed "is entitled to appeal to the Merit Systems Protection Board."). A Merit Systems Protection Board decision can be appealed to the United States Court of Appeals for the Federal Circuit. See 5 U.S.C. § 7703(b)(1) (2000); 28 U.S.C. § 1295(a)(9) (2000). The United States Court of Federal Claims does not have a role to play within the above-described scheme. As such, this court does not have jurisdiction over wrongful termination claims. Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999) (citing United States v. Fausto, 484 U.S. 439 (1988)). See also

<u>Zaccardelli v. United States</u>, 68 Fed. Cl. 426, 433 (2005) (Where the plaintiffs alleged that the government had violated a federal employee Collective Bargaining Agreement, the court held that the agreement did not constitute an express or implied contract for employment with the United States for purposes of Tucker Act jurisdiction and that the plaintiffs were required to seek a remedy under the Civil Service Reform Act).

Indeed, while Mr. Doyle did not produce a copy of his last chance agreement, numerous cases involving last chance agreements confirm that the proper procedure is for a federal employee to appeal an alleged breach of a last chance agreement to the Merit Systems Protection Board and then to the United States Court of Appeals for the Federal Circuit.  <u>See, e.g.</u>, <u>Gose v. United States Postal Service</u>, 451 F.3d 831 (Fed. Cir. 2006); <u>Alexander v. United States Postal Service</u>, 264 F.3d 1067 (Fed. Cir. 2001); <u>Stewart v. United States Postal Service</u>, 926 F.2d 1146 (Fed. Cir. 1991).

## CONCLUSION

In view of the foregoing, the plaintiff's action must be dismissed for lack of subject matter jurisdiction.  The Clerk of the Court is directed to enter judgment accordingly.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

s/**Nancy B. Firestone**
NANCY B. FIRESTONE
Judge